IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SCOTTIA L. HICKS                                                              PLAINTIFF

VS.                                    CIVIL NO. 05-2105

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                  DEFENDANT

**MEMORANDUM OPINION**

Scottia Hicks ("plaintiff"), brings this action pursuant to § 405(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for Disabled Adult Children's benefits ("DAC"), under Sections 216(i) and 223 of the Act, 42 U.S.C. § 1382c(a)(3).

**Background:**

The applications for DIB and SSI now before this court were protectively filed on July 31, 2001, alleging an onset date of February 15, 2001, due to pain in the knees; problems with her feet (callouses, bunions, knots); chronic obstructive pulmonary disease ("COPD") with difficulty breathing, chronic pneumonia, bronchitis, asthma and/or emphysema; pain in the back; numbness in the hands; a learning disability; and, depression. (Tr. 18, 195-197). An administrative hearing was held on October 2, 2002. (Tr. 304-356). On February 20, 2003, the Administrative Law Judge ("ALJ"), issued an unfavorable decision. (Tr. 205-216). The Appeals Council reviewed the case and remanded it to the ALJ on August 3, 2004. (Tr. 357-397).

A supplemental administrative hearing was then held on August 3, 2004. (Tr. 555-561). At this time, plaintiff was forty-one years old and possessed a ninth grade education. (Tr. 18). The record reveals that she had past relevant work ("PRW"), as a housekeeper and a waitress. (Tr. 18).

On September 13, 2004, the ALJ found that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 28). After discrediting plaintiff's subjective allegations, the ALJ concluded that plaintiff maintained the residual functional capacity ("RFC"), to perform light work, limited by her ability to only occasionally kneel, crouch, and crawl; occasionally be exposed to dust, fumes, pollutants, and temperature extremes; and, inability to climb ropes, ladders, and scaffolds. Further, he determined that plaintiff's mental impairments limited her to simple one and two-step tasks requiring only incidental contact with the general public. As such, the ALJ concluded that plaintiff could return to her PRW as a housekeeper in a rehabilitation center. (Tr. 28).

On October 1, 2004, the Appeals Council declined to review this decision. (Tr. 7-9). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs. (Doc. # 8, 9). Plaintiff has also filed a motion to supplement the record with additional medical evidence and to have her case remanded to the Commissioner for consideration of this evidence. (Doc. # 6). This case is now ready for decision.

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

3

given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides was not available to plaintiff on September 13, 2004, when the ALJ issued his decision, thus it is new evidence. Accordingly, based on the facts, we find sufficient cause to excuse plaintiff's failure to submit the records at the administrative level.

Next, we consider the issue of materiality. To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See Williams v. Sullivan,* 905 F.2d 214, 216 (8th Cir.1990). Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing

4

a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application).

The additional evidence submitted by plaintiff consists of a psychological evaluation conducted on August 16, 2005, by Dr. Steve Shry. (Doc. # 6, Ex. A). Dr. Shry administered the following psychological tests: Weshler Adult Intelligence Scale III, Wide Range Achievement Test III, MMPI-2, Beck Depression Inventory, and Beck Anxiety Inventory. Test results indicate that plaintiff has a verbal I. Q. of sixty-one, a performance I. Q. of fifty-six, and a full scale I. Q. of fifty-five. These scores place her within the moderate mentally retarded range of intellectual functioning. (Doc. # 6, Ex. A).

The Unites States Court of Appeals for the Eighth Circuit has held that mental retardation is not normally a condition that improves with age, thus, in the absence of any evidence of a change in a claimant's intellectual functioning, a person's IQ is presumed to remain stable over time. *See, e.g., Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001); *Branham v. Heckler*, 775 F.2d 1271, 1274 (4th Cir. 1985) (absent contrary evidence, an IQ test taken after the insured period correctly reflects claimant's IQ during the insured period); *Guzman v. Bowen*, 801 F.2d 273, 275 (7th Cir. 1986) (claimant had low IQ during onset of disability in 1979 rather than just when first IQ tested in 1982); *Luckey v. Department of Health & Human Servs.,* 890 F.2d 666, 668-69 (4th Cir. 1989) (ALJ may assume claimant's IQ remained relatively constant in absence of evidence showing a change in claimant's intelligence functioning). *See also Sird v. Chater*, 105 F.3d 401, 402 n. 4 (8th Cir. 1997). We note that the evidence contained in the administrative record reveals that plaintiff completed the eighth grade, and was enrolled in special education classes. (Tr. 312, 315, 365). She reported

AO72A
(Rev. 8/82)

difficulties with writing, spelling, and arithmetic. Further, plaintiff indicated an inability to keep a checkbook and make change. (Tr. 94). This being the case, we believe that the supplemental evidence plaintiff seeks to have admitted constitutes material evidence. Accordingly, we find that remand is appropriate, as this evidence appears to indicate that plaintiff's mental condition imposes limitations that were more severe, during the time period in question, than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992). At the very least, this new and material evidence, when considered by the undersigned, causes the court to believe there is a reasonable likelihood it would have changed the Commissioner's decision. *Woolf,* 3 F.3d at 1215. Therefore, on remand, the ALJ is directed to properly consider this evidence.

On remand, the ALJ is reminded that mental retardation is a "significant nonexertional impairment that must be considered by a vocational expert." *Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir.1997); *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). Accordingly, should the ALJ find this evidence to be credible, expert testimony will be required.

## **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence six of 42 U.S.C. § 405(g).

ENTERED this 10th day of August 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)